PER CURIAM.
Petties Osceola, Sr. (Pete, Sr.) appeals from the lower court’s order granting a motion to dismiss the petition for administration with prejudice for lack of jurisdiction.
Mary T. Osceola (decedent) died on October 3, 1994. She was survived by her husband, Pete, Sr., and five adult children: Manning, Virginia, Pete, Jr., Cecil and Corey Osceola (the appellees). The decedent’s estate involves property including a motel, adjoining restaurant, craft center, air boat tour premises and house (the property).
In February 1997, Pete, Sr. filed a formal notice of administration in circuit court in Collier County. Venue was transferred to the circuit court in Dade County in August 1997. In December 1997, the circuit court appointed Pete, Sr. as personal representative, entered an order prohibiting appellees from transferring or destroying the decedent’s assets and issued Letters of Administration.
On February 27, 1998, Virginia moved to dismiss for lack of subject matter jurisdiction, asserting that the decedent and all of the parties were members of the Micco-sukee Indian Tribe and that the property was located on land that constitutes “Indian Country” as defined in 18 U.S.C. *1252 § 1155, subject to tribal law. On the same date, Virginia and Pete, Jr. filed a statement of claim in the Miccosukee Tribal Court, wherein they asked the tribal court to appoint them as “Overseers” of the property. On May 1, 1998, the trial court heard the motion to dismiss and found that in order to rule it was imperative to determine whether the property fell within Everglades National Park (the north 500 feet of which is the Miccosukee Indian Reservation). Ruling on the motion to dismiss was deferred until an evidentiary hearing could be conducted, which was ultimately set for October 15,1998.
At the evidentiary hearing on October 15, 1998, Pete, Sr. testified that the decedent was not affiliated with any tribe at the time of her death and that only two of the children were affiliated with any tribe, Manning (a Miccosukee tribe member) and Virginia (a Seminole tribe member). A surveyor testified that the property is on land belonging to the State of Florida, several hundred feet north of the boundary of the Miccosukee Reservation and Everglades National Park. On October 26, 1998, the trial court entered an order granting the appellees’ motion to dismiss with prejudice due to lack of jurisdiction over the property of the decedent. We reverse.
As defined by the United States Supreme Court, in order to be considered a “dependent Indian community” within the definition of “Indian country,” property must have been set aside by the Federal government and be under Federal superintendence. See Alaska v. Native Village of Venetie Tribal Government, 522 U.S. 520, 118 S.Ct. 948, 140 L.Ed.2d 30 (1998); United States v. McGowan, 802 U.S. 535, 58 S.Ct. 286, 82 L.Ed. 410 (1938); United States v. Pelican, 232 U.S. 442, 34 S.Ct. 396, 58. L.Ed. 676 (1914); United States v. Sandoval, 231 U.S. 28, 34 S.Ct. 1, 58 L.Ed. 107 (1913). The uncontroverted evidence in this case established that the subject property does not lie within a “dependent Indian community” or “Indian country.” In fact, the subject property belongs to the State of Florida and the circuit court has subject matter jurisdiction to handle the present litigation.
Reversed and remanded for further proceedings.