PER CURIAM.
The decedent’s husband, Petties Osceola, Sr., appeals from an order of dismissal for lack of subject matter jurisdiction. We reverse.
On remand after appeal to this Court in Osceola v. Osceola, 744 So.2d 1251 (Fla. 3d DCA 1999), the circuit court reopened the administration of the decedent’s estate. The decedent’s adult children filed a motion to dismiss for lack of subject matter jurisdiction alleging that although the subject property belongs to the State of Florida, it is property upon which the Indians have been granted a license to “use, occupy and enjoy ... as tribal lands.” Therefore, they argue that tribal custom should apply. In support thereof, the adult children attached an undated memorandum from the Commissioner of Seminole Indian Affairs to the Board of Commissioners of State Institutions proposing:
A year-round license privilege to Seminole Indians residing in Florida to (a) hunt and fish, (b) take frogs for consumption as food or for sale, (c) take and use native materials for tribal uses, fabrication into artifacts, utensils, handicrafts and/or souvenirs for sale, (d) use, occupy and enjoy the committed areas as tribal lands, consistent with all limitations set forth, not in conflict with laws of the United States and the State of Florida.
The adult children also attached copies of agendas and minutes from several meetings of the Board of Commissioners of State Institutions. The adult children argued that the memorandum, coupled with the minutes of meetings of the Board of State Institutions, created a license agreement that not only granted the Seminole Indians the right to use the subject property but also divested the circuit court of any jurisdiction over the present probate litigation. Alternatively, they requested application of tribal custom to the administration of the estate.
On May 5, 2003, the circuit court granted the adult children’s motion to dismiss with prejudice finding that it lacked subject matter jurisdiction:
[T]his Court concludes that the property in question is located upon Indian lands, which ... is located within the area to which a “License” has been issued by the state of Florida which allows the Miccosukees to apply their laws, customs, and traditions over this area in which Mary T. Osceola’s property stands.
The decedent’s husband appeals contending that the circuit court erred by concluding that the memorandum, together with the agendas and minutes of the Board of Commissioners of State Institutions meetings, constituted a license agreement. Alternatively, the decedent’s husband argues that even if a license was created, said license is subject to the laws *176 of the State of Florida and cannot abrogate the circuit court’s jurisdiction over the administration of the property in question. Without determining the validity of the purported license agreement, we agree.
Article V, Section 20 of the Florida Constitution and section 26.012(2)(b), Florida Statutes (2003), provide that circuit courts shall have “exclusive original jurisdiction” over “proceedings relating to the settlement of estates of decedents.... ” We find that the language of the purported license itself does nothing to divest the circuit court of this jurisdiction. To the contrary, the limiting language contained in the purported license seeks to preserve the State’s jurisdiction over this property and only allows the Indians to “use, occupy and enjoy the committed areas as tribal lands, consistent with all limitations set forth, not in conflict with laws of the United States and the State of Florida.” (emphasis added.)
For these reasons, we reverse the order dismissing the cause for lack of subject matter jurisdiction and remand for further proceedings.